UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KAMINSKI,<br><br>   Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No.: 1:18-cv-1379- JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO PROCEED INFORMA PAUPERIS<br>(Doc. 4)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

John Kaminski seeks to proceed *in forma pauperis* with an action for judicial review of the administrative decision denying an application for Social Security benefits. Pending before the Court are the complaint (Doc. 1) and a motion to proceed *in forma pauperis* filed by Plaintiff (Doc. 4). For the following reasons, the request to proceed *in forma pauperis* (Doc. 2) is **GRANTED**, and the complaint **DISMISSED** with leave to amend.

**I. Proceeding *in forma pauperis***

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court reviewed the applications and finds Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

///

1

## II. Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint to determine whether it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV. <u>Jurisdiction and the Statute of Limitations</u>**

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 1) The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added).

Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). The Supreme Court noted the purpose of the legislation was "to forestall repetitive or belated litigation of stale eligibility claims." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Thus the regulations operate as a statute of limitations a claimant to appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)). Because the time limit is "a condition on the waiver of sovereign immunity," it "must be strictly construed." *Id.*

According to Plaintiff, the Appeals Council denied his request for review of the decision rendered by the administrative law judge. (Doc. 1 at 1, ¶ 2) However, Plaintiff fails to provide any information regarding when the Appeals Council denied his request for review. (*See id.*) Without such information, the Court is unable to determine whether Plaintiff's request for review is timely, or whether it is barred by the statute of limitations. *See, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir.

2000) (affirming judgment in favor of Commissioner where the claimant missed the statute of limitations by one day). Consquently, the information provided is insuffient to determine that the request for judicial review is proper and timely under Section 405(g).

**V.    Leave to Amend the Complaint**

If the Court determines that a complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

The Court cannot find with certainty that Plaintiff cannot allege facts supporting a determination that the request for review is timely and the Court has jurisdiction over the matter. The Court will grant Plaintiff leave to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in a recommendation that the matter be dismissed. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;
2. Plaintiff's complaint is **DISMISSED** with leave to amend; and
3. Plaintiff is **GRANTED** 14 days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

IT IS SO ORDERED.

Dated:    **October 9, 2018**                    **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE